```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ANNA L. BROWN,

                    Plaintiff,

vs.                           Case No. 2:08-cv-308-FtM-29SPC

THE FLORIDA BAR; THE SUPREME COURT
OF FLORIDA; R. FRED LEWIS; CHARLES
T. WELLS; HARRY LEE ANSTEAD; BARBARA
J. PARIENTE; PEGGY A. QUINCE; RAOUL
G. CANTERO; KENNETH B. BELL,

                    Defendant.
_____

## **OPINION AND ORDER**

This matter comes before the Court on defendants Justices Raoul G. Cantero, Kenneth B. Bell, R. Fred Lewis, Charles T. Wells, Harry Lee Anstead, Barbara J. Pariente, Peggy A. Quince and the Supreme Court of Florida's Motion to Dismiss (Doc. #40) and on The Florida Bar's Motion to Dismiss (Doc. #43). Plaintiff filed a consolidated Memorandum of Law (Doc. #45) opposing both motions.

**I.**

Defendants seek to dismiss all six counts of the Amended Complaint (Doc. #33) for various reasons. The Court would note that the standard for a motion to dismiss set forth by defendants (Doc. #40, pp. 5-6) is largely incorrect. In deciding a Rule 12(b)(6) motion to dismiss, it is certainly true that the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury,

536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, No. 07-1015, ___ S. Ct. ___, 2009 WL 1361536, *2 (May 18, 2009).

**II.**

Anna L. Brown (Brown or plaintiff) is a black female attorney licensed to practice law in the State of Florida. This is Brown's second federal case against The Florida Bar. The first action, seeking monetary damages, was dismissed based on Eleventh Amendment sovereign immunity and absolute immunity; the dismissal was affirmed on appeal based on Eleventh Amendment immunity. Brown v. Fla. Bar, 243 Fed. Appx. 552 (11th Cir. 2007). Brown now sues The

Florida Bar, The Supreme Court of Florida, and its justices seeking declaratory and injunctive relief but no monetary relief.

The operative pleading is plaintiff's Amended Complaint (Doc. #33). Plaintiff's claims are premised upon two separate and unrelated disciplinary proceedings initiated by The Florida Bar against Brown, which she refers to as Case No. 1 and Case No. 2.

**A. Case No. 1:**

In November 2004, The Florida Bar filed Case No. 1 alleging that Brown had represented two criminal defendants in 2001 despite the existence of a conflict of interest. The court-appointed referee granted Brown's motion to dismiss, found that the Complaint failed to state a cause of action for conflict of interest and could not do so, and dismissed the conflict of interest allegations with prejudice. The referee subsequently denied Brown's motion for attorney fees and costs, holding that such fees were never recoverable against The Florida Bar.

The Florida Bar then filed an Amended Complaint, and the same referee conducted a trial. The referee found that Brown had made a misrepresentation to the court, but that she had not intended to deceive anyone. The referee also found that Brown had represented one of the criminal defendants with a lack of diligence and a lack of client communication, and this was sufficient to warrant a recommended finding of guilt as to violation of two Rules Regulating the Florida Bar.

The Florida Bar appealed the referee's decision dismissing the conflict of interest claim to the Florida Supreme Court. In an October 12, 2006 Order, the Florida Supreme Court reversed the referee's dismissal and remanded the case. The Florida Supreme Court found that the original Complaint stated a cause of action that Brown had represented two clients with adverse interests.

After a hearing on remand, the same referee entered a directed verdict against The Florida Bar. The referee found that no conflict had been proven by clear and convincing evidence and thus no violation of the Rules Regulating the Florida Bar had been established.

Both Brown and The Florida Bar appealed this decision to the Florida Supreme Court, which on January 17, 2008, reversed the referee in part and imposed a ninety day suspension of plaintiff's license. See Fla. Bar v. Brown, 978 So. 2d 107 (Fla. 2008). The Supreme Court stated in its Suspension Order that a motion for rehearing would not toll the suspension of Brown's license to practice law. Brown filed what she believed to be a meritorious motion for rehearing, but the suspension order was not tolled. Brown asserts that Florida Supreme Court precedent and the Florida Rules of Appellate Procedure allowed a motion for rehearing, the effect of which is to suspend the rendition of the decision, order, judgment or decree. Brown asserts that the Florida Supreme Court therefore rendered the anti-tolling provision of its Suspension

Order in violation of its own case authority and rules. The Florida Supreme Court ultimately denied the motion for rehearing.

Brown asserts that the Florida Supreme Court improperly discounted and ignored the findings made by the referee which were favorable to her, and impermissibly substituted its own factual findings favorable to The Florida Bar, contrary to "a veritable mountain" of its own case law. (Doc. #33, ¶ 72.) Brown also asserts that the substituted findings and legal conclusions are "demonstrably incorrect." (Id. at ¶ 75.) Further, Brown asserts that such an "obtuse result" stemmed from unconscious or institutional bias favoring The Florida Bar, or bias or bad faith against Brown personally, and an institutional bias against blacks in general. (Id. at ¶ 76.)

Brown additionally asserts that the Florida Supreme Court's decision in her case announced new law governing lawyers, i.e., that engaging in a mere potential conflict of interest is sufficient reason to suspend a law license. After this decision, Brown asked The Florida Bar to investigate a lawyer based upon information in a newspaper article. Brown asserts that, while she has no personal knowledge of the facts, the article referred to a white, male, well-connected attorney who "the article strongly implied, had engaged in a potential conflict of interest" in connection with energy advice being given to the Governor. (Doc. #33, ¶79.) The Florida Bar responded that the newspaper article provided no specific allegations of fact that would support a clear

and present conflict of interest, and therefore a file would not be opened. Brown alleges that the refusal by The Florida Bar to open its own inquiry was not because of anything in the article, "but because [the attorney] is white, male, and well-connected politically." (Id. at ¶ 81.) Brown submitted a formal complaint against the lawyer, but has heard little or nothing of its progress as of the filing of the Amended Complaint. (Id. at ¶ 82.)

**B. Case No. 2:**

On April 7, 2006, a Grievance Committee of The Florida Bar entered a finding of probable cause against Brown for violation of the intentional misconduct rule of the Rules Regulating The Florida Bar. Afterwards, Brown's attorney wrote a letter to The Florida Bar asking for clarification or explanation as to how the evidence established a violation of that rule. No explanation was forthcoming, although on April 11, 2006, The Florida Bar proposed settlement of the matter with a public reprimand. This offer was not accepted, but The Florida Bar did not file a formal complaint for over 22 months. Brown alleges that The Florida Bar intentionally and in bad faith delayed the filing until after the Florida Supreme Court reversed Case No. 1, and that this prejudices her because discipline is generally progressive in nature.

After trial, the same referee as in Case No. 1 found Brown guilty of violating Rule 4-8.4(d) for engaging in conduct that was prejudicial to the administration of justice by submitting a pleading containing erroneous information. The referee recommended

a public reprimand. Although conceding that she negligently customized a form template which resulted in errors in one of the paragraphs, Brown asserts that Case No. 2 is without substantial merit because her inadvertent insertion of incorrect information cannot reasonably be viewed as clearly and convincingly proving the elements of the Rule violation. This matter is now before the Florida Supreme Court, and Brown believes the Florida Supreme Court will again suspend her law license for reasons unrelated to the merits of the case.

**III.**

**A.  All Counts:   Individually Named Justices**

No relief is requested in any count as to any of the named defendants other than The Florida Bar and/or the Florida Supreme Court.  No facts are alleged as to the conduct of the individual justices.  In the absence of such facts and any requested relief, the individually named justices are dismissed from all counts.

**B. Count I: Compel Disciplinary Proceedings Against Another Lawyer**

In Count I, Brown seeks to enjoin The Florida Bar from further delaying or ignoring her complaint against the white, male, well-connected attorney.  (Doc. #33, ¶ 84.)  More specifically, the "wherefore" clause of Count I seeks an order enjoining The Florida Bar "from further discriminating against [Brown] in the context of taking other Florida lawyers to task for engaging in mere potential conflicts of interests, based on their conduct and not their social

class, political connections, skin color, or purse, plus any and all such further relief as this Court deems just and proper." (Doc. #33, p. 14.)

No relief is requested as to the Florida Supreme Court. In the absence of such requested relief, the Florida Supreme Court is dismissed from Count I.

As to The Florida Bar, the Court finds that Count I fails to state a claim upon which relief may be granted.[1] The purpose of an attorney disciplinary proceeding is to protect the public, not to vindicate private rights. Application of Harper, 84 So. 2d 700, 702 (Fla. 1956); Tyson v. Fla. Bar, 826 So. 2d 265 (Fla 2002). Therefore, "[n]o private rights except those of the accused attorney are involved." Harper, 84 So. 2d. at 702. See also Dade-Commonwealth Title Ins. Co. v. North Dade Bar Ass'n, 152 So. 2d 723 (Fla. 1963); Gonczi v. Countrywide Home Loans, Inc., 271 Fed. Appx. 928, 929-30 (11th Cir. 2008). "The role of the complaining witness in a bar disciplinary proceeding, however, is somewhat analogous to that of the victim in a criminal proceeding and, like crime victims, complaining witnesses cannot demand that the prosecuting authority file criminal charges against a particular individual

---

[1]Defendants incorrectly read Count I to challenge Brown's own disciplinary proceedings. While Count I is encumbered with many allegations regarding Brown's first disciplinary proceeding, the only relief requested relates to the failure to initiate disciplinary proceedings against another attorney. Properly read, the Court does not believe that either Younger or Rooker-Feldman apply to Count I.

based on alleged criminal behavior." Tyson, 826 So. 2d at 267. Accordingly, Brown has no ability to compel disciplinary action against the other lawyer. As such, she has no standing to assert a claim in Count I. Smith v. Shook, 237 F.3d 1322, 1324-25 (11th Cir. 2001). Further, the Amended Complaint sets forth no well-pleaded facts that suggest the conduct of this lawyer was similar to Brown's conduct, and therefore no well-pleaded facts which would support even an inference that the failure to pursue disciplinary action was based on race, gender, or some other suspect classification. Therefore, Count I will be dismissed as to The Florida Bar.

**C. Count II: Enjoin Bar Proceedings Against Brown**

In Count II, Brown seeks to enjoin The Florida Bar and the Florida Supreme Court from taking further action against her in prosecution of Case No. 2. In essence, Brown asserts that Case No. 2 is without substantial merit but she believes the Florida Supreme Court will again suspend her license to practice law for improper reasons other than the merits of the case, i.e., The Florida Bar does not like Brown, both The Florida Bar and the Florida Supreme court are biased against her because "she has made it a point to stand up for her rights in a system that is little more than a discriminatory farce operated by the Bar with the Supreme Court's imprimatur and blessing" (Doc. #33, ¶ 112), and she filed a motion for fees and costs tracking the language of FLA. STAT. § 57.105 (Doc. #33, ¶ 113).

It is well settled that a federal court has a "virtually unflagging" obligation to adjudicate claims within its jurisdiction, subject to certain exceptions aimed at avoiding undue interference with state proceedings. New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989); 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Two exceptions apply here.

First, a federal district court does not have authority to issue an injunction staying a state court proceeding unless expressly authorized by an Act of Congress, where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 28 U.S.C. § 2283; Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co., 471 F.3d 1233, 1249-50 (11th Cir. 2006). None of the circumstances warranting a federal injunction apply in this case.

The second applicable exception to a federal court's obligation to adjudicate claims within its jurisdiction is founded upon Younger v. Harris, 401 U.S. 37 (1971), a criminal case which has been extended to disciplinary proceedings initiated by a state bar association. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982); ACLU v. Fla. Bar, 999 F.2d 1486, 1493 n.15 (11th Cir. 1993). Younger is a narrow and extraordinary exception to the duty of a district court to adjudicate a controversy properly before it. Green v. Jefferson County Comm., 563 F.3d 1243, 1251 (11th Cir. 2009)(internal quotation and citation omitted). Younger abstention is applicable if (1) there

is a pending state judicial proceeding and the requested federal remedy would unduly interfere with that state proceeding, (2) the state proceeding implicates important state interests, and (3) the state proceeding provides plaintiff an adequate opportunity to raise its federal constitutional challenges. Middlesex, 457 U.S. at 432; 31 Foster Children, 329 F.3d at 1274-80; Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004). If these factors are satisfied, abstention is applicable unless there is a showing of manifest bad faith, harassment, or some extraordinary circumstance that makes abstention inappropriate. Middlesex County, 457 U.S. at 435.

The Court finds that the Younger abstention doctrine applies to Count II. The disciplinary proceeding initiated by The Florida Bar was pending as of the filing of the Complaint in this case, and apparently is still pending before the Florida Supreme Court. The Florida Bar's disciplinary proceedings are judicial in nature. In re Calvo, 88 F.3d 962, 965 (11th Cir. 1996). The requested relief would certainly unduly interfere with such proceedings, causing them to literally stop. The disciplinary proceedings against Brown implicate important state interests because a state "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." Middlesex, 457 U.S. at 434. See also Fla. Bar v. Went For It, Inc., 515 U.S. 618, 625 (1995). Finally, the Florida Supreme Court can address federal constitutional claims asserted by plaintiff during the course of

-11-

the disciplinary proceedings. Corbin v. Supreme Court of Fla., 233 Fed. Appx. 917, 919 (11th Cir. 2007)(Florida citations omitted).

Plaintiff's Response (Doc. #45) does not address the Younger abstention doctrine, however, portions of the Amended Complaint and plaintiff's previous filings assert that defendants are proceeding in bad faith. (Docs. #31, p. 3-4; #44.) The Court finds that Brown has not properly plead facts tending to show bad faith. Brown's personal opinions and conclusory statements fail to satisfy the pleading requirements. Iqbal, 2009 WL at *2. The conduct of the Florida Supreme Court in deciding the case does not suggest bad faith, since that court has rejected a referee's discipline of admonishment and imposed suspension in other cases, e.g., Fla. Bar v. Ticktin, No. SC07-369, 2009 WL 1406251 (Fla. May 21, 2009)(rejecting admonishment in favor of 91 day suspension) and has expressly directed that the filing of a motion for rehearing would not toll suspension or disbarment in other cases, see, e.g., Fla. Bar v. Mogul, No. SC08-2240, 2009 WL 1364885 (Fla. May 14, 2009); Fla. Bar v. Krocka, No. SC09-790, 2009 WL 1228993 (Fla. May 4, 2009); Fla. Bar v. Barger, No. SC09-630, 2009 WL 1099988 (Fla. Apr. 23, 2009); Fla. Bar v. Behm, No. SC 08-85, 2009 WL 1099989 (Fla. Apr. 23, 2009); Fla. Bar v. Phillips, No. SC08-1910, 2009 WL 1099991 (Fla. Apr. 23, 2009).

Accordingly, Count II will be dismissed as to all defendants.

**D. Counts III and IV: Declaratory Judgments as to Past Bar Proceeding**

In Count III, Brown seeks a declaratory judgment as to the following: (1) That her "right to procedural due process was violated by the Bar in continuing to prosecute her improperly and by the Supreme Court in overturning the referee's factual findings and recommendation of guilt" as to Rule 4-1.7(b) because Brown prevailed before the referee on remand of Case No. 1 as to the alleged violation of Rule 4-1.7(b) (Doc. #33, ¶ 139); (2) that Brown should not have been deprived of her license to practice law during the pendency of her Motion for Rehearing, and the failure to toll the suspension during the pendency of the motion was a violation of her procedural due process rights under Florida state law and the U.S. Constitution (Doc. #33, ¶ 141); (3) that Brown's substantive due process rights were violated when the state appellate court substituted its factual findings for those of the trial court, causing a deprivation of her property interest in her law license (Doc. #33, ¶ 142); (4) that the entire state court proceeding violated fundamental fairness and due process because the prosecuting entity is an official arm of the same court in which Brown was tried and in which her sole appellate rights and remedies lay, i.e., that the Florida separation of powers doctrine precludes Brown "from being forced to undergo a proceeding that she is predestined to lose, because the very court that controls every aspect of the entire proceeding has a conscious or subconscious interest or intent to uphold the legitimacy of the prosecuting entity and its efforts" (Doc. #33, ¶ 143); and (5) that Brown's

rights under the Fourteen Amendment were violated because "she can never obtain an award for attorney's fees under law for defending insubstantial claims or contentions pursued by the Bar, due solely to her status as an attorney" (Doc. #33, ¶ 144).

In Count IV, Brown seeks a declaratory judgment that her substantive due process rights were violated in Case No. 1 because: (1) the Florida Supreme Court's decision was wrongly decided; (2) she never had notice or opportunity to present at trial or on appeal the claims she made in her Motion for Rehearing or arguments related to the vagueness of the Rule or the court decision, the harshness of the penalty, or the motives of the government agents; and (3) the Suspension Order amounts to an *ex post facto* law by the Florida Supreme Court. (Doc. #33, ¶¶ 148-60.)

"The Rooker-Feldman doctrine[2] makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). This is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Lance v. Dennis, 126 S. Ct. 1198, 1201 (2006)(quoting Exxon Mobil Corp. v. Saudi Basic

---

[2]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

-14-

Indus. Corp., 544 U.S. 280, 284 (2005)). The Eleventh Circuit has focused on this language as delineating the boundaries of the Rooker-Feldman doctrine. Green, 563 F.3d at 1249-50; Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009).

The Court finds that it lacks subject-matter jurisdiction to address Count III and Count IV of the Amended Complaint under the Rooker-Feldman doctrine. Brown filed this federal case after the Florida Supreme Court rendered its decision as to her disciplinary proceeding; Brown lost the case before the Florida Supreme Court; Brown's requests for declaratory judgments complain of injuries caused by the Florida Supreme Court's decision; and Brown invites this court to review and reject the judgment of the Florida Supreme Court. As in Feldman, Brown seeks to have a federal district court review and reject the judgment of the highest state court as to its application of bar rules and regulations to her conduct. A district court has no such authority. Feldman, 460 U.S. at 486. Plaintiff's proper recourse to challenge the decision of the Florida Supreme Court was to file a writ of certiorari with the United Supreme Court. Fox v. Florida, 138 Fed. Appx. 194 (11th Cir. 2005).

**E. Count V: Eleventh Amendment Immunity of The Florida Bar**

In Count V, Brown seeks a declaratory judgment that the Eleventh Amendment does not immunize The Florida Bar from a suit for money damages in federal court. (Doc. #33, ¶¶ 167-72.)

Count V is due to be dismissed for several reasons. First, there is no case or controversy in this case regarding that issue. Brown does not seek money damages in any count in the current federal case (although she alleges in paragraph 164 of the Amended Complaint that she suffered money damages). Therefore, the answer to this question would merely be an advisory opinion.

Second, Brown is simply seeking to collaterally attack the prior holding of the Eleventh Circuit to the contrary. The issue was raised and rejected in Brown v. Fla. Bar, 243 Fed. Appx. 552 (11th Cir. 2007). The proper method to challenge that decision was a request for rehearing en banc or a petition for certiorari with the United States Supreme Court. Fox v. Florida, 138 Fed. Appx. 194.

Third, even if the issue can be properly raised in this case, the binding precedent precludes Brown from prevailing. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). It is clearly established that The Florida Bar is entitled to Eleventh Amendment immunity in suits for money damages. Kaimowitz v. Fla. Bar, 996 F.2d 1151 (11th Cir. 1993); Brown v. Fla. Bar, 243 Fed. Appx. 552 (11th Cir. 2007). Therefore, Count V will be dismissed.

**F. Count VI: Compelled Bar Membership**

In Count VI, Brown seeks a declaratory judgment that The Florida Bar is unconstitutionally constituted in violation of the Florida separation of powers doctrine; amounts to an impermissible closed shop in a right-to-work state such as Florida; and that Brown is not required to maintain her membership in The Florida Bar as a condition of working as a licensed attorney in Florida. (Doc. #33, pp. 32-35.) Brown argues that The Florida Bar is unconstitutional *ab initio* and that the Florida Constitution prohibits mandatory membership fees in what is essentially a labor organization. (Doc. #45, pp. 1-2, 8-9.) Brown also asserts an equal protection/due process component to her claim.

In Count VI, Brown makes a facial challenge to the constitutionality of The Florida Bar and the Rules Regulating the Florida Bar. The Court agrees with Brown's observation that this count really does not turn on her disciplinary proceedings. (Doc. #45, p. 17.) A federal district court has subject matter jurisdiction of general challenges to the bar rules and procedures promulgated by state courts in non-judicial proceedings which do not require review of a final state court judgment in a particular case. Feldman, 460 U.S. at 486; Kirkpatrick v. Shaw, 70 F.3d 100, 102 (11th Cir. 1995); Corbin v. Supreme Court of Fla., 233 Fed. Appx. 917 (11th Cir. 2007). Therefore, Count VI is not barred by the Rooker-Feldman doctrine.

Because plaintiff may be able to state a federal declaratory judgment claim in Count VI, and a district court would have

-17-

jurisdiction to consider such a claim, a second amended complaint will be required. As currently written, the Amended Complaint is a shotgun complaint prohibited by the Eleventh Circuit because plaintiff has improperly incorporated all allegations of each count in every successive count. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). Additionally, Count VI is currently encumbered with immaterial and irrelevant allegations regarding plaintiff's personal disciplinary proceedings. Therefore, the Court will dismiss Count VI without prejudice and with leave to file a second amended complaint.

Accordingly, it is now

**ORDERED:**

1. Defendants Raoul G. Cantero, Kenneth B. Bell, R. Fred Lewis, Charles T. Wells, Harry Lee Anstead, Barbara J. Pariente, Peggy A. Quince and the Supreme Court of Florida's Motion to Dismiss (Doc. #13) is **GRANTED IN PART AND DENIED IN PART**. Defendants Raoul G. Cantero, Kenneth B. Bell, R. Fred Lewis, Charles T. Wells, Harry Lee Anstead, Barbara J. Pariente, Peggy A. Quince are dismissed from all counts of the Amended Complaint; the Supreme Court of Florida is dismissed from all counts of the Amended Complaint, but plaintiff is granted leave to file a second amended complaint within **TWENTY (20) DAYS** of the date of this

Opinion and Order setting forth her federal claim in what is currently Count VI.

2. The Florida Bar's Motion to Dismiss (Doc. #14) is **GRANTED IN PART AND DENIED IN PART.** The Florida Bar is dismissed from all counts of the Amended Complaint, but plaintiff is granted leave to file a second amended complaint within **TWENTY (20) DAYS** of the date of this Opinion and Order setting forth her federal claim in what is currently Count VI.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of May, 2009.

                                             JOHN E. STEELE
                                             United States District Judge

Copies:
Counsel of record